UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GERALD MOSS, Individually,

                  Plaintiff,

v.

                  1:13-CV-1137
                  (GTS/RFT)

KATHERINE MOSS, Individually;
MICHAEL MOSS; and MOSS TUBES, INC.,
a New York Corporation,

                  Defendants.
_____

APPEARANCES:                              OF COUNSEL:

SCHMEISER, OLSEN & WATTS LLP        ALBERT L. SCHMEISER, ESQ.
   Counsel for Plaintiff                      AUTONDRIA S. MINOR, ESQ.
22 Century Hill Drive, Suite 302            NICHOLAS R. VALENTI, ESQ.
Latham, NY 12110

HESLIN ROTHENBERG FARLEY & MESITI P.C.   SUSAN E. FARLEY, ESQ.
   Counsel for Defendants                    SHANNA K. SANDERS, ESQ.
5 Columbia Circle
Albany, NY 12203

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this patent action filed by Gerald Moss ("Plaintiff") against Katherine Moss, Michael Moss, and Moss Tubes, Inc. ("Defendants"), is Defendants' motion to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and/or for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 15.) For the reasons set forth below, Defendants' motion is granted.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Complaint

Generally, Plaintiff's Complaint asserts three claims arising from the interpretation and enforcement of a 1999 New York State divorce agreement and decree ("Divorce Agreement"), which settled certain property rights between, and set forth the associated business interests of, Plaintiff (a medical doctor and experienced designer of products for gastrointestinal feeding and decompression) and Defendant Katherine Moss (his second wife). (*See generally* Dkt. No. 1.)

More specifically, Count I of the Complaint asserts a claim for a judgment declaring that Plaintiff is not in material breach of the Divorce Agreement by, *inter alia*, engaging in biomedical engineering activities, applying for new patents covering new inventions and/or improvements to technologies associated with gastro enteral medicine, and commercializing his patented inventions (and that the Divorce Agreement does not impose a lifetime ban preventing Plaintiff from ever conducting any business in the entire field of gastro enteral medicine). (*Id.*)

Count II of the Complaint asserts a claim for a judgment declaring that Defendants have misused several expired patents that were assigned to them by Plaintiff in the Divorce Agreement (by repeatedly using them to intimidate Plaintiff and unlawfully coerce him to never engage in any activity in the broad field of medical feeding technology). (*Id.*)

Count III of the Complaint asserts a claim for a judgment declaring that Defendants' threatened breach-of-contract claims are barred by the applicable statute of limitations to the extent that they are based on events occurring in or before 2002 and 2003. (*Id.*)

Familiarity with these three claims, and the factual allegations supporting them, is assumed in this Decision and Order, which is intended primarily for the review of the parties.

### B. Parties' Arguments on Defendants' Motion

#### 1. Defendants' Memorandum-of-Law-in-Chief

Generally, in their motion to dismiss, Defendants assert three arguments. (Dkt. No. 15, Attach. 6 [Def.'s Memo. of Law].)

First, Defendants argue, Plaintiff's declaratory judgment claim of patent misuse should be dismissed for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), because there is no "actual controversy" sufficient to confer declaratory judgment jurisdiction over the claim; rather than threatening to enforce any patent rights against Plaintiff, Defendants have merely attempted to enforce their contract rights under the Divorce Agreement, including Plaintiff's covenant not to interfere with the business of Defendant Moss Tubes, Inc. (*Id*. at 8-9 [attaching pages "4" and "4" of Def.'s Memo. of Law].)

Second, Defendants argue, in the alternative, Plaintiff's declaratory judgment claim of patent misuse should be dismissed for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), because Plaintiff has failed to allege facts plausibly suggesting a claim of patent misuse, in that (a) by its very definition, the claim is merely an affirmative defense or counterclaim in response to a claim of patent infringement (and Plaintiff has not alleged that Defendants have asserted such a patent-infringement claim against Plaintiff, nor has Plaintiff even identified the specific patent or patents owned by Defendants and asserted against Plaintiff), and (b) the claim requires that the defendants possess monopoly power in the relevant market (which has not been alleged here). (*Id*. at 9-10 [attaching pages "5" and "6" of Def.'s Memo. of Law].)

Third, Defendants argue, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining claims (for declaratory judgment regarding breach of contract), over which the Court does not possess either federal-question jurisdiction or diversity jurisdiction. (*Id*. at 10-11 [attaching pages "6" and "7" of Def.'s Memo. of Law].)

### 2. Plaintiff's Opposition Memorandum of Law

Generally, in response, Plaintiff asserts the following three arguments. (Dkt. No. 20 [Plf.'s Opp'n Memo. of Law].)

First, Plaintiff argues, the Prayer for Relief in his Complaint has a scope that far exceeds his three claims, extending to a declaratory judgment that his conduct does not (as charged by Defendants in their threatening letters) violate multiple federal laws, namely, trademark infringement in violation of Sections 32 and 43 of the Lanham Act (15 U. S.C. §§ 1114 and 1125), and unfair competition and false advertising in violation of Section 43 of the Lanham Act (15 U.S.C. §1125). (*Id*. at 4, 6, 7, 8 [attaching pages "1," "3," "4" and "5" of Plf.'s Opp'n Memo. of Law].)

Second, Plaintiff argues, in the alternative, should the Court find that his federal claims must be supported by more factual allegations, it should permit him to file an Amended Complaint (a proposed version of which he has provided). (*Id*.)

Third, Plaintiff argues, the Court has supplemental jurisdiction over any common law and state statutory claims under 28 U.S.C. § 1367. (*Id*.)

### 3. Defendants' Reply Memorandum of Law

Generally, in reply to Plaintiff's response, Defendants assert three arguments. (Dkt. No. 23 [Def.'s Reply Memo. of Law].)

4

First, Defendants argue, Plaintiff's claim of patent misuse should be dismissed, because (a) his failure to oppose Defendants' legal arguments challenging the sufficiency of that claim is a tacit admission the claim in insufficient, and (b) indeed, Plaintiff does not even bother to assert that claim in his proposed Amended Complaint. (*Id*. at 5-7 [attaching pages "1" through "3" of Def.'s Reply Memo. of Law].)

Second, Defendants argue, without claim of patent misused, the Court lacks subject-matter jurisdiction over the remaining state-law breach-of-contract claims asserted in Plaintiff's Complaint. (*Id*. at 5, 7-8 [attaching pages, "1," "3" and "4" of Def.'s Reply Memo. of Law].)

Third, Defendants argue, Plaintiff cannot rely on the Prayer for Relief in his original Complaint or assert a new federal claim to establish subject-matter jurisdiction in an Amended Complaint, because (a) Paragraph 12 of the "Prayer" section of Plaintiff's Complaint (which vaguely requests a declaratory judgment that unspecified conduct does not constitute trademark infringement, unfair competition and false advertising, without any supporting factual allegations) is an insufficient basis for subject-matter jurisdiction, (b) a plaintiff cannot move to amend his complaint to (retroactively) create subject-matter jurisdiction where none already exists over the original complaint, as recognized in *Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assurance Co.*, 700 F.2d 889, 893-94 (2d Cir. 1983), *cert. denied*, 464 U.S. 845 (1983), and *Broad v. DKP Corp.*, 97-CV-2029, 1998 WL 516113, at *5 (S.D.N.Y. Aug. 19. 1998), and (c) in any event, he has not properly requested (or received) leave to file an Amended Complaint, because he has not filed a proper cross-motion for leave to amend (i.e., one supported by a memorandum of law applying the applicable legal standard and an affidavit as required by Local Rule 7.1[a][1],[2]). (*Id*. at 5, 6, 8-11 [attaching pages "1," "2," "4," "5," "6" and "7" of Def.'s Reply Memo. of Law].)

## II. GOVERNING LEGAL STANDARDS

### A. Standard Governing Motion to Dismiss for Lack of Subject-Matter Jurisdiction

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000).

On a motion to dismiss for lack of subject-matter jurisdiction, the plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]). As a result, when deciding such a motion, a district court may look to evidence outside of the pleadings. *Makarova*, 201 F.3d at 113. However, the court may not rely on conclusory or hearsay statements contained in an affidavit. *J.S. ex rel N.S. v. Attica Cent. Sch.*, 386 F. 3d 107, 110 (2d Cir. 2004).

In addition, when deciding such a motion, the court must accept as true all material factual allegations in the complaint, resolve all ambiguities in favor of plaintiff, and draw all inferences in favor of plaintiff. *J.S. ex rel N.S. v. Attica Cent. Sch.*, 386 F. 3d at 110. *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir.2008), *aff'd on other grounds*, 561 U.S. 247 (2010); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113). However, jurisdiction must be shown affirmatively, and that showing is not made merely by drawing from the complaint inferences favorable to plaintiff. *Morrison*, 547 F.3d at 170; *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003).

In determining whether subject-matter jurisdiction exists over a claim for declaratory judgment under the federal Declaratory Judgment Act, 28 U.S.C. § 2201, it is necessary to consider the following: (1) whether there is an "actual controversy" between the parties, within the meaning of Article III; and (2) whether subject-matter jurisdiction would exist over that controversy, were it brought as a coercive action. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 16 (1983). The plaintiff bears the burden of "'establishing the existence of an actual case or controversy.'" *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 98 (2d Cir. 2011) (quoting *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 [1993]).

In the context of patent disputes, an actual controversy requires "an injury in fact traceable to the patentee," which exists only if the plaintiff has alleged both of the following: (1) an affirmative act by the patentee related to the enforcement of its patent rights, and (2) at least meaningful preparation to conduct potentially infringing activity. *Ass'n for Molecular Pathology v. U.S. Patent & Trademark Office*, 653 F.3d 1329, 1343 (Fed. Cir. 2011); *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 880 (Fed. Cir. 2008); *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1380-81 (Fed. Cir. 2007).

**B.     Standard Governing Motion to Dismiss for Failure to State a Claim**

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F.

8

Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not

show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[1]

---

[1] *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under

Moreover, in the Second Circuit, a *pro se* plaintiff's papers in response to a defendant's motion to dismiss for failure to state a claim may be considered as effectively amending the allegations of his complaint–to the extent those papers are consistent with the allegations in the complaint.

C.     **Standards Governing Plaintiff's Claims**

Because the parties to this action have demonstrated, in their memoranda of law, an accurate understanding of the relevant points of law contained in the legal standards governing Plaintiff's claims in this action, the Court will not recite, in detail, those legal standards in this Decision and Order, which (again) is intended primarily for review by the parties. (*See generally* Dkt. No. 15, Attach. 6 [Defs.' Memo. of Law]; Dkt. No. 20 [Plf.'s Opp'n Memo. of Law]; Dkt. No. 23 [Defs.' Reply Memo. of Law].)

Rather, the Court would merely add that, with regard to the nature of Plaintiff's second

---

Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . . Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

11

declaratory judgment claim, generally, patent misuse is not an affirmative claim but merely a defense or counterclaim. *Max Impact, L.L.C. v. Sherwood Group, Inc.*, 09-CV-0902, 2011 WL 507600, at *5 (S.D.N.Y. Feb. 14, 2011); *Aktiebolag v. Kremers Urban Dev. Co.*, 99-CV-8928, 2001WL 1807917, at *1 (S.D.N.Y. Oct. 31, 2001); *Va. Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 868 (Fed. Cir. 1997).

There are two elements of a defense or counterclaim of patent misuse: (1) an impermissible use of a patent to broaden the physical or temporal scope of the patent with an anti-competitive effect, and (2) bad faith and some improper purpose. 35 U.S.C. § 271(d); *Aktiebolag*, 2001WL 1807917, at *1; *Monsanto Co. v. McFarling*, 363 F.3d 1336, 1341 (Fed. Cir. 2004); *Va. Panel Corp.*, 133 F.3d at 868-69; *Glaverbel Societe Anonyme v. Northlake Mktg. & Supply, Inc.*, 45 F.3d 1550, 1558 (Fed. Cir. 1995); *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1001 (Fed. Cir. 1986).

With regard to the first element, a party must allege, *inter alia*, that the patentee has monopoly power in the relevant market. *Linzer Prods. Corp. v. Sekar*, 499 F. Supp.2d 540, 553 (S.D.N.Y. 2007); *Orion Elec. Co., Ltd. v. Funai Elec. Co., Ltd.*, 01-CV-3501, 2002 WL 377541, at *6 (S.D.N.Y. March 11, 2002); *cf. Monsanto Co.*, 363 F.3d at 1341 (explaining that the policy underlying the patent-misuse doctrine is to "prevent a patentee from using the patent to obtain market benefit beyond that which inures in the statutory patent right"); *accord, Mallinckrodt, Inc. v. Medipart, Inc.*, 976 F.2d 700, 704 (Fed. Cir.1992). With regard to the second element, "[a] purpose is improper if its goal is not to win a favorable judgment, but to harass a competitor and deter others from competition, by engaging the litigation process itself, regardless of the outcome." *Glaverbel Societe Anonyme*, 45 F.3d at 1558.

When patent misuse is successfully asserted, the patent is rendered unenforceable until the misuse is purged; damages are not awarded to the accused infringer. *Max Impact, L.L.C.*, 2011 WL 507600, at *5; *Aktiebolag*, 2001WL 1807917, at *1; *Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004, 1025 (Fed. Cir. 2008); *C.R. Bard. Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1372 (Fed. Cir. 1998); *B. Braun Med., Inc. v. Abbott Labs.*, 124 F.3d 1419, 1427 (Fed. Cir. 1997).

## III. ANALYSIS

### A. Whether Plaintiff's Declaratory Judgment Claim of Patent Misuse Should Be Dismissed for Lack of Subject-Matter Jurisdiction

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendants' memoranda of law. *See, supra,* Parts I.B.1 and I.B.3. of this Decision and Order. The Court would add only one point.

In this District, when a non-movant fails to oppose a legal argument asserted by a movant in support of a motion, the movant's burden with regard to that argument has been lightened such that, in order to succeed on that argument, the movant need only show that the argument possesses facial merit, which has appropriately been characterized as a "modest" burden.[2] Here, Defendants have met that modest burden for the reasons stated in their memorandum of law in chief.

---

[2] *See* N.D.N.Y. L.R. 7.1(b) (3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n. 1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL 2473509, at *2 & n. 3 (N.D.N.Y.Aug.7, 2009) (Suddaby, J.) (collecting cases).

13

B. **Whether, in the Alternative, Plaintiff's Declaratory Judgment Claim of Patent Misuse Should Be Dismissed for Failure to State a Claim**

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendants' memoranda of law. *See, supra,* Parts I.B.1 and I.B.3. of this Decision and Order. The Court would add only one point.

As stated above in Part III.A. of this Decision and Order, because Plaintiff has failed to oppose Defendants' alternative argument for the dismissal of his claim of patent misuse, Defendants' burden with regard to that argument has been lightened such that, in order to succeed on that argument, they need only show that the argument possesses facial merit. Defendants have met that modest burden for the reasons stated in their memorandum of law in chief.

C. **Whether Plaintiff's Proposed Amended Complaint Cures the Defects in His Original Complaint**

After carefully considering the matter, the Court answers this question in the negative for the reasons stated in Defendants' reply memorandum of law. *See, supra,* Part I.B.3. of this Decision and Order. The Court would add only two points.

First, in addition to the two cases relied on by Defendants for the point of law that a plaintiff cannot move to amend his complaint to retroactively create subject-matter jurisdiction where none already exists over the original complaint (*see, supra,* Part I.B.3. of this Decision and Order), the Court relies on a third such case. *See Falise v. Am. Tobacco Co.*, 241 B.R. 63, 67 (E.D.N.Y. 1999) (rejecting plaintiffs' attempt to retroactively create subject-matter jurisdiction through civil RICO claim in amended complaint where court lacked "related to" bankruptcy jurisdiction over original complaint).

The Court notes that it cannot find that Plaintiff's Amended Complaint is merely curing a technical defect in his original Complaint. Setting aside the fact that Count II of the Complaint is based only on patent misuse, the original Complaint alleges no facts plausibly suggesting the precise trademarks infringed, unfair competition engaged in, and false advertising engaged in by Plaintiff: rather, Paragraph 40 of the Complaint merely references a conclusory (and superfluous) allegation contained in Defendants' letter to him dated August 30, 2013. (Dkt. No. 1, at ¶ 40 [Plf.'s Compl.]; Dkt. No. 1, Attach. 6, at 4 [Ex. F. to Plf.'s Compl.].)

Second, the Court rejects Plaintiff's attempt to assert the federal claim in question (i.e., for a judgment declaring that Plaintiff has not committed trademark infringement, unfair competition and/or false advertising) based on the alternative ground of futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that permissible grounds upon which to base the denial of a motion for leave to file an amended complaint include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."). More specifically, the Court finds that there is no "actual controversy" sufficient to confer declaratory judgment jurisdiction over the proposed amended claim for the same reason that there is no "actual controversy" sufficient to confer declaratory judgment jurisdiction over Plaintiff's original claim of patent misuse: rather than threatening to enforce any trademark rights (or rights to be free from unfair competition or false advertising), Defendants have merely attempted to enforce their contract rights under the Divorce Agreement, including Plaintiff's covenant not to interfere with the business of Defendant Moss Tubes, Inc. (*See, e.g.,* Dkt. No. 1, Attach. 6, at 4 [Ex. F of Plf.'s Compl.,

15

attaching page "3" of letter of Aug. 30, 2013, stating that Plaintiff's failure to comply with Defendants' request to cease unlawful conduct will subject him to a "motion for contempt of the Court Order" incorporating the Divorce Agreement].)

In this way, the totality of the circumstances do not reasonably suggest that suit by Defendants (for trademark infringement, unfair competition and/or false advertising) is imminent. *See, e.g., Trippe Mfg. v. Am. Power Conversion Corp.*, 46 F.3d 624, 627 (7th Cir. 1995) (holding that no actual controversy existed because declaratory judgment defendant had not threatened trademark infringement suit, and totality of circumstances did not reasonably suggest that suit was imminent); *United Am. Indus., Inc. v. Cumberland*, 06-CV-1833, 2007 WL 38279, at *1-2 (D. Ariz. Jan. 5, 2007) ("[P]laintiff fails to demonstrate defendant's present activity of [trademark] infringement or concrete steps taken with intent to conduct such activity [to support a declaratory-judgment claim].").

**D.     Whether the Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's Remaining Claims**

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendants' memoranda of law. *See, supra,* Parts I.B.1 and I.B.3. of this Decision and Order. As a result, Plaintiff's first and third claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED** that Count II of Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** for lack of subject-matter jurisdiction; and it is further

**ORDERED** that the remainder of Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u>** without prejudice to refiling in state court.³ The Clerk of the Court is directed to enter judgment and close this case.

Dated: September 18, 2014
      Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
U.S. District Judge

---

    ³    Plaintiff is advised that, pursuant to 28 U.S.C. § 1367(d), the statute of limitations for his state law claims, to the extent those claims were timely filed in this Court, is tolled for a period of thirty (30) days after the date of this Decision and Order, unless a longer tolling period is provided under state law.